IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS AMUNDARAY-RODRIGUEZ, NAITZABES MARTINEZ and the conjugal partnership formed between them; CARLOS F. MARQUEZ, TANYA E. PEREZ-LUCIANO and the conjugal partnership formed between them; RONALD MELENDEZ-TOLLENS, FRANCES RIVERA-MARTINEZ and the conjugal partnership formed between them; ENRIQUE OTERO<br><br>Plaintiffs<br><br>vs<br><br>CARLOS M. GARCIA, in his personal capacity and in his official capacity as President of the Puerto Rico Governmental Bank; JESUS MENDEZ, in his personal capacity and in his official capacity as Vice-President of the Puerto Rico Governmental Bank; GUILLERMO CAMBA-CASAS, in his personal capacity and in his official capacity as the Vice-President and Director of Human Resources and Labor Relations of the Puerto Rico Governmental Bank; PUERTO RICO GOVERNMENTAL DEVELOPMENT BANK; JOHN DOE and JANE DOE; INSURANCE COMPANY ABC<br><br>Defendants | CIVIL 10-2258CCC |

## STATEMENT OF REASONS IN SUPPORT OF ORDER
## ISSUED ON SEPTEMBER 29, 2011 (DOCKET ENTRY 44)

On September 29, 2011, after duly considering the Motion for Partial Dismissal under the Doctrine of Judicial Estoppel filed by defendants Carlos M. García (García), Jesús Méndez (Méndez), Guillermo Camba-Casas (Camba), and the Puerto Rico Governmental Development Bank (PRGDB) (docket entry 8), the opposition filed by plaintiff Ronald Meléndez-Tollens (Meléndez) (docket entry 13), and defendants' reply to the opposition (docket entry 16), the Court granted the dispositive motion which sought dismissal of the claims brought by plaintiffs Meléndez, his wife Frances Rivera-Martínez (Rivera), and their conjugal partnership (docket entry 44). We now state the reasons for said ruling.

CIVIL 10-2258CCC                              2

A.     **Factual Background**

Plaintiff Meléndez and three other former career employees of the PRGDB filed this action on December 23, 2010 (docket entry 1) against said bank and its top officials García, Méndez and Camba, claiming that their rights under the First and Fourteenth Amendment to the U.S. Constitution were violated when they were dismissed from their positions allegedly because of political discrimination and without being afforded the minimum procedural guarantees constitutionally required.  Meléndez' wife, Rivera, joined him as a plaintiff to seek compensation for the damages purportedly caused to her and their conjugal partnership by defendants' actions.  In their complaint, Meléndez and Rivera sought monetary compensation totaling $ 3,250,000.00.

Between Meléndez' termination from the PRGDB on August 2010[1] and the filing of this action on December 23, 2010, Meléndez and Rivera filed, specifically on September 30, 2010,  a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, In Re Ronald Meléndez-Tollens and Frances Rivera-Martínez, Case No. 10-09081-BKT7.  Said petition included the required Schedules of Assets, which were subsequently amended on October 22, 2010.  The debtors, however, failed to list on either of those Schedules the claims asserted in this action.  On January 3, 2011, Meléndez and Rivera received a complete discharge of their debts from the Bankruptcy Court.

Defendants moved to dismiss Meléndez and Rivera's complaint based on the doctrine of judicial estoppel (docket entry 8), which prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding.  18 James Wm. Moore, et al., Moore's Federal Practice, Section 134.30 at 63 (3d Ed. 2011).  Plaintiffs opposed the dismissal request (docket entry 13), averring that while they had indeed failed to list this action in their Schedule of Assets filed with the Bankruptcy

---

[1]  The exact date of Meléndez' termination is not provided by either party in their briefs, nor stated by plaintiffs in their Complaint.  We, thus, merely refer to the "August 2010" date which plaintiffs mention in their Opposition (docket entry 13, at p. 6, ¶18), which defendants echoed in their Reply (docket entry 16, at p. 6).

Court, such omission resulted from excusable neglect rather than from a willful attempt to mislead the courts.  Plaintiffs contend that at the time of filing their bankruptcy petition, they did not contemplate suing or being able to do so at all.  They also aver having still the option of amending their bankruptcy schedules "and ask the Trustee to determine whether to abandon the claim or reopen the bankruptcy proceedings in order to administrate the claim." Opposition (docket entry 13), at p. 6.

## B.    The Applicable Law

The doctrine of judicial estoppel is equitable in nature, and its purpose is to protect the integrity of the judicial process.  Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010).  "[T]ypically invoked when a litigant tries to play fast and loose with the courts," id., it has been held to be particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."  Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005).  See also Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001) ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.") (citation omitted); Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc., 989 F.2d 570 (1st Cir.), cert. denied, 510 U.S. 931, 114 S.Ct. 344 (1993) (holding that where a debtor obtains relief under Chapter 11 of the Bankruptcy Code based on his representations under penalty of perjury that he had no assets other than those scheduled, that debtor is judicially estopped from asserting prepetition claims not disclosed during the bankruptcy case, even though the judicial estoppel might result in a windfall to the defendant).

Three things are usually required in order to apply the doctrine: (1) a party's earlier and later positions must be clearly inconsistent, (2) the party must have succeeded in persuading a court to accept the earlier position, and (3) the party seeking to assert the inconsistent position must stand to derive an unfair advantage if the new position is

CIVIL 10-2258CCC                    4

accepted by the court.  <u>Perry</u>, 629 F. 3d at p. 9.  Courts, however, have recognized that application of the doctrine might be inappropriate when a party's prior position was based on inadvertence or mistake.  <u>Thore v. Howe</u>, 466 F.3d 173, 181 (1st Cir. 2006).

### C.    Application of Doctrine to the Case

Here, all three elements demanded for application of the doctrine are present. Plaintiffs' position before the Bankruptcy Court,  where they failed to list in both the original and amended Schedule of Assets the existence of the damages claims asserted in this action and which had already accrued by that time, was clearly inconsistent with the subsequent filing of the Complaint in this case.  Plaintiffs successfully persuaded the Bankruptcy Court to adopt their earlier position, as they obtained a "no-assets discharge" from said Court. And, in pursuing their monetary claims before this Court after obtaining the "no assets discharge" from the Bankruptcy Court, plaintiffs stand to receive a windfall should they ultimately prevail in their lawsuit.

While plaintiffs attempt to escape the application of the judicial estoppel doctrine by trying to situate themselves within the recognized "inadvertence/mistake" exception, the established turn of events do not support their plea.  For one, their argument that at the time of filing the bankruptcy petition they did not contemplate suing or being able to do so at all obviates the fact that they did actually bring this suit while the Bankruptcy action was still pending resolution and they nonetheless failed to amend their Schedules.  It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims.  "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action."  <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197, 207-08 (5th Cir. 1999).  Plaintiffs, thus, were required to amend their bankruptcy schedules to include the post-petition claim because the Chapter 7 bankruptcy proceeding had not been closed, dismissed, or converted.  For another, plaintiffs' alternative argument that they could "still amend [the] schedules and ask the Trustee to determine whether to abandon the claim

CIVIL 10-2258CCC                              5

or reopen the bankruptcy proceedings in order to administrate the claim" (Opposition, at p. 6) has no factual substance.  Without passing judgment on the actual availability of said option, the docket of their bankruptcy petition shows that more than nine months after the entry of a "no-assets discharge" there subsequent to the filing of their lawsuit here, no such action has been pursued by them.  Indeed, the last entries in the bankruptcy docket are the January 3, 2011 Orders discharging the debtors, the Trustee, and closing the estate, and their January 5, 2011 corresponding certificates of service.

**D.    Conclusion**

We need go no further.  Given the factual scenario in this case, it is clear that plaintiffs attempted to pursue in this action legal claims that they did not disclose during their bankruptcy proceedings, and we find them to be judicially estopped from doing so.  For the reasons stated, defendants' Motion for Partial Dismissal under the Doctrine of Judicial Estoppel (docket entry 8) was granted on September 29, 2011 (docket entry 44).  Partial judgment will be entered DISMISSING all their claims, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on October 26, 2011.

S/CARMEN CONSUELO CEREZO
United States District Judge